# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT<br>BOULDER COUNTY, STATE OF COLORADO<br><br>Boulder County Combined Court<br>1777 6th Street<br>Boulder, CO 80302<br>303-441-3750 | DATE FILED: September 26, 2022 6:40 PM<br>FILING ID: 4BE21E8129FDE<br>CASE NUMBER: 2022CV30657 |
| Plaintiff:<br><br>**LASHA MARIE ALFARKO**<br><br>v.<br><br>Defendants:<br><br>**LYFT BIKES & SCOOTERS, LLC a/k/a LIFT, INC. and JOHN DOE CORPORATION(S) (fictitious names), jointly, severally, and in the alternative,** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff*:<br>John Maroney, # 46008<br>634 Gilpin Street<br>Denver, CO 80218<br>Phone No.: 803-468-3499<br>Email: john@maroney-law.com | Case Number:<br><br>Courtroom: Div. |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Ms. Lasha Marie Alfarko, by and through her counsel of record John Maroney, and for this Civil Complaint against Defendants Lyft Bikes & Scooters, A/K/A Lift, Inc. and John Doe Corporation(S), alleges and avers as follows:

     1.     At all times relevant to this action, Plaintiff Lasha Alfarko was a resident of the State of Colorado.

     2.     Upon information and belief, Defendant Lyft Bikes and Scooters, LLC ("Lyft") is a Delaware based corporation, with a registered agent located at 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

     3.     Venue is proper in the District Court of Boulder County, Colorado, pursuant to C.R.C.P. 98(c).

1

## FACTUAL ALLEGATIONS

4. Plaintiff incorporates herein by this reference the allegations set forth with specificity in paragraphs 1 through 3 of this Civil Complaint and Jury Demand as if set forth verbatim.

5. On or about the 27th day of September, 2020, at approximately 4:12 p.m., Plaintiff, Lasha Marie Alfarko, was riding a rented electric scooter in the City of Denver, County of Denver and State of Colorado. Plaintiff had previously driven electric scooters and, was, therefore knowledgeable as how to operate same.

6. Upon information and belief, defendant, Lyft Bikes & Scooters, a/k/a Lyft, Inc. is a business entity doing business in the transportation network bringing together rideshare, bikes, scooters, car rentals and transit throughout the United States organized and existing under the laws of the State of Delaware, with offices located in Denver, Colorado.

7. At the time and place aforesaid, plaintiff had just rented the electric scooter and was riding on the sidewalk along California Street when she entered the street at the intersection of 17th Street located in the City of Denver, County of Denver and State of Colorado.

8. As plaintiff transitioned from the sidewalk into 17th Street and was once again approaching the sidewalk, for the first time since renting the scooter, she applied the hand brake located on the side of the handlebar. The brake failed and the electric scooter failed to slow down and/or stop, therefore, plaintiff placed her right foot on the ground in order to attempt to slow the scooter. Suddenly plaintiff fell off the scooter landing on her right side, causing her to sustain substantial permanent bodily injuries.

9. Said accident was caused solely by the carelessness and negligence of the defendant, Lyft Bikes and Scooters, a/k/a Lyft, Inc., as the scooter was unsafe, hazardous and/or in a defective condition so as to cause an unsafe, hazardous and/or defective condition to exist or said accident was substantially contributed to by the carelessness and negligence of the defendant, Lyft Bikes and Scooters, a/k/a Lyft, Inc. Lift Bikes & Scooters had a duty to insure that the scooters they were renting to the public were in proper working order, properly maintained and was safe for riders such as plaintiff, Lasha Marie Afarko. Lyft Bikes & Scooters, a/k/a Lyft, Inc. failed in that duty of care.

10. As a direct and proximate result of the aforementioned carelessness and negligence of the defendant, Lyft Bikes & Scooters, a/k/a Lyft, Inc., the plaintiff, Lasha Marie Alfarko, sustained certain personal injuries, internal and external, and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and discomfort; was compelled, is now being compelled and may in the future be compelled to expend large sums of money in an attempt to cure and alleviate said injuries; has been unable and may in the future be unable to pursue her normal business and social activities, thereby resulting in a loss of income; and has been otherwise damaged.

## FIRST CLAIM FOR RELIEF
### Negligence of Defendants Lyft and John Doe Causing Personal Injury to Plaintiff

11. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 10 of this Civil Complaint and Jury Demand as if set forth verbatim.

12. Defendants owed Plaintiff a duty to exercise reasonable care in maintaining the scooters they offer to the public in exchange for payment.

13. Defendants breached their duty to Plaintiff to exercise reasonable care by failing to properly maintain the equipment they offered, including but not limited to, ensuring that Plaintiff's bike had properly working brakes.

14. Defendants' breach of duty described above directly and proximately caused Plaintiff to suffer damages.

15. Defendants' breach of duty described above directly and proximately caused Plaintiff to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, loss of earning capacity, and loss of time.

16. Defendants' breach of duty described above directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

17. Defendants' breach of duty described above directly and proximately caused Plaintiff to suffer lasting physical impairment.

18. At the aforesaid time and place, defendant, John Doe Corporation(s) A-Z, name being fictitious, was an unknown company or corporations whose action caused and/or contributed directly or indirectly, to the accident herein and the injuries and damages suffered by plaintiff.

19. Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals who may be responsible in whole or in part for the causation of the aforesaid accident. For the purpose of the within complaint, said business entities have been nominated as JOHN DOE. The plaintiff, pursuant to the Rules of Court of the State of Colorado, reserves the right to amend the within complaint relative to additional defendants when and if the identity of said individuals become known.

20. As a direct and proximate result of the aforementioned carelessness and negligence of the defendant, John Doe Corporation(s) A-Z, Plaintiff sustained certain personal injuries, internal and external and both temporary and permanent in nature; did suffer, is suffering and may in the future suffer great pain and discomfort; were compelled, are now being compelled and may in the future be compelled to expend large sums of money in an attempt to cure and alleviate said injuries; has been

3

unable and may in the future be unable to pursue her normal business and social activities, thereby resulting in a loss of income; and has been otherwise damaged.

## **JURY DEMAND**

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Lasha Alfarko prays for Judgment against Defendants jointly and severally in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, attorney fees, and for such other and further relief as the Court may deem proper.

DATED: September 23rd, 2022

                                        Respectfully submitted,

                                        */s /John Maroney*
                                        John Maroney

Plaintiff' address:

9100 E. Girard Ave., Unit 10
Denver, Colorado 80231